IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN M. IRBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 5335 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' cross motions for summary judgment. For the reasons stated below, Plaintiff Stephen M. Irby's (Irby) and Defendant Social Security Administration's (SSA) motions for summary judgment are denied and Irby's alternative motion to remand is granted. This matter is remanded to the SSA for further proceedings consistent with this opinion.

**BACKGROUND**

Irby contends that in 2001, he worked for Home Depot and injured his back while loading a refrigerator for a customer. Irby claims that he attempted to continue

1

to work in 2002 on modified duty, but was unable to continue at even a modified level, and that he quit his sales job in early 2002 due to his back pain.  In 2004, Irby underwent back surgery, specifically a L3-L4, L4-L5 anterior discectomy/fusion and instrumentation.  Irby contends that he has degenerative disc disease, and that he suffers from continuous severe pain and physical limitations.  Irby filed concurrent applications for disability insurance benefits (DIB) and for Title XVI supplemental security income benefits on December 19, 2006.  Irby's financial resources disqualified him for Title XVI benefits, but his case continued as a DIB application.  On July 31, 2007 Irby's DIB application was denied and his requested reconsideration was also denied.  Irby requested a hearing, which was held on January 14, 2010 (January 2010 Hearing).  The Administrative Law Judge (ALJ) found Irby not to be disabled and found that he retained the residual functional capacity to perform light work.  On June 2, 2011, the SSA Appeals Council subsequently denied the request for review.  On August 5, 2011, Irby filed the instant appeal from the ALJ's ruling.  The parties have now filed cross-motions for summary judgment.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), a party can seek judicial review of

administrative decisions made under the Social Security Act. When an ALJ's decision is deemed to be "the final action of the Social Security Administration, the reviewing district court examines the ALJ's decision to determine whether substantial evidence supports it and whether the ALJ applied the proper legal criteria." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

## DISCUSSION

Irby argues that the ALJ erred in assessing the credibility of Irby and that the ALJ erred in his Residual Functional Capacity (RFC) finding.

I. Credibility Findings

Irby argues that the ALJ erred in her credibility determination of Irby's testimony relating to Irby's symptoms and pain. If an ALJ "has explained her decision" relating to a credibility determination, the determination will not be overturned "unless it is patently wrong." *McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2011). In this case, the ALJ concluded that while some of the symptoms identified by Irby could reasonably be explained by objective medical evidence, Irby's complaints of his limitations and pain were disproportionate in relation to the evidence in the objective medical record, his reported daily living activities, and the

3

overall weight of the evidentiary record. (AR 23-26). The ALJ also concluded that, based on her observations of Irby at the January 2010 Hearing, Irby's claimed limitations were exaggerated. (AR 25). The ALJ determined that Irby was not credible in his own assessment of his limitations. (AR 26).

While the ALJ referenced in her decision certain portions of the available medical record, she did not sufficiently consider Irby's complaints of severe pain or his pain treatment in assessing his credibility. (AR 23-26). Pursuant to SSR 96-7p "symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone," and "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." Soc. Sec. Ruling 96-7p. In addition, pursuant to SSR 96-7p. "[w]hen evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." *Id.* Further, SSR 96-7p provides that in assessing the credibility of a claimant's contentions as to symptoms such as pain, certain factors must be considered such as "[t]he type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms," and "[t]reatment, other than medication,

4

the individual receives or has received for relief of pain or other symptoms. . . ." *Id*. In this case, the ALJ failed to adequately assess Irby's claims as to pain and his pain treatment. The ALJ only referenced in her decision a few instances where the record indicates that pain medications were sufficient to manage Irby's pain. (AR 26, 1071-72, 1075-76). However, the ALJ failed to address Irby's claim as to his extensive and continuous history of attempting to cope with pain and the medical efforts by physicians to address the pain issues. For example, the record references multiple visits to a pain clinic where Irby had a lumbar epidural steroid injection "that did not bring any improvement of his pain." (AR 402). Nor did the ALJ address the indications in the record that various prescription medications were prescribed in response to increasing pain and side effects from the medications. Pursuant to SSR 96-7p:

> In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense and persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements. Persistent attempts by the individual to obtain relief of pain or other symptoms, such as by increasing medications, trials of a variety of treatment modalities in an attempt to find one that works or that does not have side effects, referrals to specialists, or changing treatment sources may be a strong indication that the symptoms are a source of distress to the individual and generally lend support to an individual's allegations of intense and persistent symptoms.

Soc. Sec. Ruling 96-7p. The record in this case indicates that Irby has an extensive

medical history of pursuing medical treatment for his pain.  The record contains Irby's medical records showing changing treatment, medication increases, and visits with pain treatment specialists.  The frequency and consistency of Irby's pain treatment, his complaints of pain, and self-described limitations should be addressed further on review by the ALJ.  In addition, the ALJ should conduct a more thorough examination as to Irby's ability to perform his daily activities.  For example, when the ALJ inquired about Irby's daily activities and effects of his medication, Irby testified that he tries to help with the dishes and to tidy up the laundry (AR 52-53).  However, it is unclear from Irby's testimony how much physical activity it requires for him to help with these household chores, or how often he helps with the chores.  Although the ALJ's assessment of Irby's claims is "entitled special deference," the ALJ was "still required to 'build an accurate and logical bridge between the evidence and the result . . . .'" *Castile v. Astrue*, 617 F.3d 923, 929 (7th Cir. 2010)(quoting *Shramek v. Apfel,* 226 F.3d 809, 811 (7th Cir. 2000).  The ALJ failed to provide a sufficient analysis of the record in this case and did not sufficiently develop the record in this case.  Although Irby has moved in his summary judgment motion for a finding of disability in his favor at this juncture, Irby has not pointed to sufficient uncontroverted objective evidence showing that Irby's claims must be accepted as true at this juncture.  This action will therefore be remanded to the ALJ for further

proceedings in order to provide the ALJ with an opportunity to expand the record and to elaborate as to her reasoning regarding her credibility findings. *See Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011)(stating that "[a] decision denying benefits need not discuss every piece of evidence, but when an ALJ fails to support her conclusions adequately, remand is appropriate"); *see also Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009)(concluding that "[t]he ALJ's adverse credibility determination [wa]s simply not supported by the record, and so on remand the agency [needed to] reassess [the claimant's] credibility in light of all the evidence of record").

II. Residual Functional Capacity Finding

Irby argues that the ALJ erred in her RFC finding. The ALJ determined that Irby could sustain light work with occasional climbing of ramp or stairs, occasional balancing, stooping, kneeling, crouching, crawling, occasionally performing activities that require overhead reaching. The ALJ also indicated that Irby could not ever climb ladders, ropes or scaffolds, but could frequently perform activities requiring handling, feeling, and fingering. (AR 23). The ALJ posed her hypothetical questions to the vocational expert about what jobs might have been available for Irby in the regional economy based on these restrictions. (AR 61-62). However, in

conducting her RFC analysis, the ALJ failed to address inconsistencies in the record such as in regard to Irby's muscle weakness and muscle spasms. In addition, the ALJ based her finding of Irby's RFC and the regional job availability in part upon the ALJ's assessment of Irby's credibility as to his symptoms. (AR 23-26). In light of the fact that the ALJ failed to adequately develop the record as to Irby's credibility, the ALJ must also revisit her RFC finding on remand.

## CONCLUSION

Based on the foregoing analysis, Irby's and SSA's motions for summary judgment are denied and Irby's alternative motion to remand is granted. This matter is remanded to the SSA for further proceedings consistent with this opinion..

                                           _____
                                           Samuel Der-Yeghiayan
                                           United States District Court Judge

Dated: April 25, 2012